UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-23992

CALVIN JACKSON,

     Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY[1]**

    Plaintiff, CALVIN JACKSON (hereinafter "JACKSON"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION & PLC, (hereinafter "CARNIVAL"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

    1.    JACKSON seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

    2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

    3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

    4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by CARNIVAL.

---

[1] When this complaint refers to a numbered paragraph, such as "paragraph 16" for example, unless otherwise stated, it is referring to the corresponding numbered paragraph of this complaint.

5.    JACKSON is *sui juris* and is a resident and citizen of the state of New York.

6.    CARNIVAL is a citizen of the state of Florida and the nations of Panama and the United Kingdom.

7.    CARNIVAL is a foreign corporation that is authorized to conduct and that does conduct business in the state of Florida, that at all times material hereto was and is doing business in Miami-Dade County, Florida, and that maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8.    CARNIVAL, at all times material hereto, personally and/or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

    a.    Operated, conducted, engaged in, or carried on a business venture; and/or

    b.    Had an office or agency; and/or

    c.    Engaged in substantial activity; and/or

    d.    Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.    All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## <u>FACTUAL ALLEGATIONS</u>

10.   The photograph below depicts the platform in the subject area where JACKSON's incident occurred.



11.  At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject cruise ship, *the Elation*.

12.  At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area involved in JACKSON'S incident.

13.  JACKSON'S incident occurred on or about September 25, 2022, while he was a fare paying passenger on CARNIVAL'S vessel, *the Elation*.

14.  On or about September 25, 2022, between 12:30 PM and 1:30 PM, JACKSON and his traveling companions went to the ship's water park, WaterWorks. As JACKSON attempted to go down one of the park's water slides, JACKSON was told by a crewmember to take off his shoes. JACKSON did as he was instructed and proceeded to go down the slide. When JACKSON reached the bottom of the slide, he exited the slide, stood on a platform that was unreasonably slippery, attempted to step off the platform, lost his balance due to the slipperiness of the platform, and slipped and fell when his other foot made contact with the unreasonably slippery surface adjacent to the platform (the platform and the surface below will hereinafter collectively be referred to as the subject "surfaces").

15.  As a result, JACKSON sustained severe injuries that include, but are not limited to, a torn patella tendon on his left knee, and other serious injuries which require surger(ies).

16.  At all relevant times, the dangerous and/or risk creating conditions include, but are not limited to the following:

> a.  The surfaces JACKSON slipped on lacked adequate slip resistant material, which caused the subject surfaces to become unreasonably slippery, and which caused JACKSON to slip and fall.

  b. The platform was unreasonably small and rigid, such that JACKSON did not have a reasonable amount of space to catch himself as he was losing his balance on the platform, thereby causing him to fall.

  c. There were no reasonable safety measures such as reasonable places JACKSON could grab in the subject area during his fall, which caused JACKSON's injuries to be more severe, since if he was able to grab onto something reasonable during his fall, he would have been able to mitigate his injuries, as his fall would not have been as severe, and his injuries would therefore not have been as severe.

  d. Other dangerous conditions which will be revealed during discovery.

  e. There was a crewmember at the top of the slide before JACKSON got on it, and there was a crewmember at the bottom area. However, neither of these crewmembers warned JACKSON of the above dangerous conditions thereof, assisted him, or offered to assist him in exiting the slide.

17. Each of these dangerous conditions was a sufficient cause of JACKSON's incident and injuries, each of these conditions caused JACKSON's incident and injuries, and JACKSON is alleging that CARNIVAL was negligent as to each of these conditions in the alternative.[2]

18. CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

  a. Approximately minutes prior to JACKSON's fall, JACKSON's friend saw a young

---

[2] A sufficient cause means a cause that, acting alone, is sufficient to cause an effect. (https://www.verywellhealth.com/understanding-causality-necessary-and-sufficient-3133021). In this case, this means that each dangerous conditions JACKSON has alleged alone was a cause of his incident such that the only way CARNIVAL could have prevented JACKSON's incident was to have adequately warned of or remedied each of these conditions.

girl slip and fall on the same surfaces JACKSON's incident occurred on, and there were crewmembers in the subject area that were close enough to see this fall, but these crewmembers did nothing to warn of, cover, remove, block off, or otherwise remedy the subject surfaces that JACKSON slipped on prior to his fall.

b. There was a warning sign in the WaterWorks area that stated that passengers should watch their step because the subject area and surfaces were slippery. However, this warning was not in a location where JACKSON or any reasonable person could reasonably see or appreciate it prior to JACKSON's fall.

c. Furthermore, JACKSON observed two CARNIVAL crewmembers in the subject area at the time of the incident, and these crewmembers were in the immediate vicinity, such that JACKSON reasonably infers that these crew members regularly used, observed, and tended to the subject area, and therefore were or should have been aware of the dangerous and/or risk-creating conditions discussed in paragraph 16, and should have warned of and/or removed these conditions.

d. CARNIVAL participated in the installation and/or design of the subject surfaces, or alternatively, CARNIVAL accepted the surfaces with its design defects present after having been given an opportunity to inspect the ship and materials on it, including the subject surfaces, such that CARNIVAL should have known of the design defects of the subject surfaces before providing them for public use. These design defects include, but are not limited to, the dangers outlined in paragraph 16(a-d).

e. There are relevant safety standards/recommendations/other guidelines regarding the safety of the subject area, including, but not limited to, prohibitions and/or recommendations against the deficiencies discussed in paragraph 16, and CARNIVAL

should have known of these standards/recommendations/other guidelines because whether such standards/recommendations/other guidelines are legally required for CARNIVAL to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable cruise line should have done.

f.   CARNIVAL also knew or should have known of these dangerous conditions through inspecting the subject area involved in JACKSON'S incident, and if it did not know of these dangerous conditions, this was because CARNIVAL failed to adequately inspect the subject area prior to JACKSON'S incident.

g.   Previous passengers in prior cases suffered prior incidents involving similar incidents on CARNIVAL'S ships, but not limited to, *Offenben v. Carnival Corp.*, No. 1:19-CV-23334-KMM, 2021 WL 4990909, at *1 (S.D. Fla. June 24, 2021) ("Plaintiff cites to Carnival's Waterworks/Waterslides Safety Manning Requirements policy that provides a list of waterslide attendants' duties, including that attendants "[e]nsure that all riders exit the pool immediately upon splashdown," and that they "[b]e prepared to enter [the] splash pool to assist customer[s] out of [the] pool.'"), *Walsh v. Carnival Corp.*, No. 20-CV-21454-UU, 2021 WL 2195528, at *6 (S.D. Fla. Apr. 1, 2021) ("accident was caused by having to step over the blue perimeter retainer wall."), and *Easterwood v. Carnival Corp.*, No. 19-CV-22932, 2021 WL 1152398, at *2 (S.D. Fla. Mar. 26, 2021) ("he was at the waterworks area on Deck 11 with his eight-year-old son and niece.").

h.   Moreover, CARNIVAL knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

19.     At all times relevant, the subject surfaces were unreasonably dangerous, risk-creating, defective, improperly designed, improperly installed, and/or otherwise unsafe.

20.     The subject surfaces and the vicinity lacked adequate safety features to prevent or minimize JACKSON'S incident and/or injuries.

21.     These hazardous conditions were known, or should have been known, to CARNIVAL in the exercise of reasonable care.

22.     These hazardous conditions existed for a period of time before the incident.

23.     These conditions were neither open nor obvious to reasonable passengers, including JACKSON, and CARNIVAL failed to adequately warn JACKSON of the dangers. CARNIVAL failed to provide reasonable warnings such as, for example, a warning cone in the subject area to warn JACKSON that the specific locations of his fall were unreasonably slippery. The dangerous conditions that CARNIVAL needed to warn JACKSON of are those discussed in paragraph 16(a-d).

24.     At all times relevant, CARNIVAL failed to adequately inspect the conditions discussed in paragraph 16(a-d), as well as the subject surfaces and the vicinity, for dangers. For example, CARNIVAL was required, by its own policies and procedures, to inspect the subject surfaces in certain intervals of time (such as, for example, every fifteen minutes), to ensure that it was not unreasonably slippery. However, CARNIVAL failed to inspect these surfaces during the intervals its own policies and procedures required, thereby causing it to be unable to address the unreasonable slipperiness of these surfaces prior to JACKSON's incident.

25.     At all times relevant, CARNIVAL had the ability to remedy the dangerous conditions, but failed to do so. For example, CARNIVAL could have covered, removed, or blocked off the location of the subject surfaces that were unreasonably slippery but failed to do so. The dangerous conditions that CARNIVAL needed to remedy are those discussed in paragraph 16.

26.    At all times relevant, CARNIVAL failed to maintain the conditions discussed in paragraph 16(a-d) in a reasonably safe condition. For example, CARNIVAL failed to perform regular upkeep on the subject surfaces, including, but not limited to, by failing to apply and to regularly apply anti-slip/slip resistant material to these surfaces.

27.    At all times relevant, CARNIVAL participated in the design and/or approved the design of the subject surfaces and the vicinity involved in JACKSON'S incident.

28.    At all times relevant, CARNIVAL participated in the installation and/or approved the installation of the subject surfaces and the vicinity involved in JACKSON'S incident.

29.    The crewmembers of *the Elation* were in regular full-time employment of CARNIVAL and/or the ship, as salaried crewmembers.

30.    CARNIVAL's crewmembers, employees, and/or agents were subject to the ship's discipline and master's orders, and CARNIVAL had the right to hire and fire its crewmembers, employees, and/or agents.

31.    CARNIVAL is directly responsible and liable for their actions and the actions of its crewmembers, employees, and/or agents.

32.    The crewmembers, including the medical staff, were employees and/or actual agents and/or apparent agents of CARNIVAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

33.    The crewmembers were represented to JACKSON and the ship's passengers as employees of CARNIVAL through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or hourly wage by CARNIVAL. CARNIVAL knew that the crewmembers represented themselves to be employees of CARNIVAL and allowed them to represent themselves as such. JACKSON detrimentally relied on these representations as JACKSON would not have

proceeded on the subject cruise had he believed the crewmembers were not employees of CARNIVAL.

## COUNT I
## NEGLIGENT FAILURE TO INSPECT

34.   JACKSON hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 24-25 as if set forth herein.

35.   CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

36.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the conditions discussed in paragraph 16(a-d), as well as the subject surfaces and the vicinity, for dangers.

37.   At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL breached the duty of reasonable care owed to JACKSON and were negligent by failing to adequately inspect the conditions discussed in paragraph 16(a-d), as well as the subject surfaces and the vicinity, for dangers, such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 16(a-d) were present at the time of JACKSON'S incident.

38.   CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

39.   These risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately inspect the conditions discussed in paragraph 16(a-d), as well as the subject surfaces and the vicinity.

40.   CARNIVAL'S breach was the cause in-fact of JACKSON'S great bodily harm in that,

but for CARNIVAL'S breach JACKSON's injuries would not have occurred.

41.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

42.   CARNIVAL'S breach proximately caused JACKSON great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

43.   As a result of CARNIVAL'S negligence, JACKSON has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of JACKSON'S vacation, cruise, and transportation costs.

44.   The losses are permanent and/or continuing in nature.

45.   JACKSON suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CALVIN JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that JACKSON will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT II
## <u>NEGLIGENT FAILURE TO MAINTAIN</u>

46.   JACKSON hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 25-26 as if set forth herein.

47.   CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

48.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the conditions discussed in paragraph 16(a-d).

49.   At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to JACKSON and were negligent by failing to adequately maintain the conditions discussed in paragraph 16(a-d), such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 16(a-d) were present at the time of JACKSON'S incident.

50.   CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

51.   Moreover, these risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately maintain the conditions discussed in paragraph 16(a-d).

52.   CARNIVAL'S breach was the cause in-fact of JACKSON'S great bodily harm in that, but for CARNIVAL'S breach JACKSON's injuries would not have occurred.

53.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to

maritime travel, and as such were "clearly linked to nautical adventure."

54. CARNIVAL'S breach proximately caused JACKSON great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

55. As a result of CARNIVAL'S negligence, JACKSON has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of JACKSON'S vacation, cruise, and transportation costs.

56. The losses are permanent and/or continuing in nature.

57. JACKSON has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, CALVIN JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that JACKSON will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO REMEDY

58. JACKSON hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 25 as if set forth herein.

59. CARNIVAL owed a duty to exercise reasonable care under the circumstances for the

safety of its passengers.

60.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately remedying the dangerous conditions discussed in paragraph 16.

61.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to JACKSON and were negligent by failing to adequately remedy the dangerous conditions discussed in paragraph 16.

62.    CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

63.    Moreover, these risk-creating and/or dangerous conditions were caused CARNIVAL'S failure to adequately remedy the dangerous conditions discussed in paragraph 16.

64.    CARNIVAL'S breach was the cause in-fact of JACKSON'S great bodily harm in that, but for CARNIVAL'S breach JACKSON's injuries would not have occurred.

65.    Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

66.    CARNIVAL'S breach proximately caused JACKSON great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

67.    As a result of CARNIVAL'S negligence, JACKSON has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense

of hospitalization, medical and nursing care and treatment, and loss of the value of JACKSON'S vacation, cruise, and transportation costs.

68.     The losses are permanent and/or continuing in nature.

69.     JACKSON has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, CALVIN JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that JACKSON will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT IV
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION

70.     JACKSON hereby adopts and re-alleges each and every allegation in paragraphs 1-23 as if set forth herein.

71.     At all times relevant, CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including JACKSON.

72.     Such duty includes, but is not limited to, the duty that CARNIVAL owes to warn passengers of any dangers that it knew or should have known were not open and obvious to JACKSON.

73.     Such duty also includes, but is not limited to, the duty to warn passengers of hazards, which passengers may reasonably be expected to encounter.

74.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to JACKSON and was negligent by failing to warn JACKSON of the dangerous conditions discussed in paragraph 16(a-d).

75.    Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 18.

76.    These dangerous conditions were also created by CARNIVAL.

77.    CARNIVAL failed to adequately ensure there were no dangerous conditions that passengers needed to be warned of, and/or CARNIVAL failed to warn JACKSON despite knowing of the dangers.

78.    These dangerous conditions existed for a period of time before the incident.

79.    These conditions were neither open nor obvious to JACKSON.

80.    CARNIVAL'S breach was the cause in-fact of JACKSON'S great bodily harm in that, but for CARNIVAL'S breach JACKSON's injuries would not have occurred.

81.    Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

82.    CARNIVAL'S breach proximately caused JACKSON great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

83.    As a result of CARNIVAL'S negligence, JACKSON has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense

of hospitalization, medical and nursing care and treatment, and loss of the value of JACKSON'S vacation, cruise, and transportation costs.

84.    The losses are permanent and/or continuing in nature.

85.    JACKSON has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CALVIN JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that JACKSON will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT SURFACES AND THE VICINITY

86.    JACKSON hereby adopts and re-alleges each and every allegation in paragraphs 1-22, 25, and 27-28, as if set forth herein.

87.    CARNIVAL negligently designed, as well as negligently approved of the design, of the dangerous conditions discussed in paragraph 16(a-d).

88.    At all times material hereto, CARNIVAL owed a duty to its passengers, and in particular a duty to JACKSON, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in paragraph 16(a-d), as well as to design and install reasonable safeguards.

89. At all times material hereto, CARNIVAL participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and to put the vessel on which JACKSON was injured into the channels of trade, and/or CARNIVAL approved of the subject vessel's design, including the design of the subject surfaces and the vicinity.

90. At all times material hereto, CARNIVAL manufactured, designed, installed, and/or approved of *the Elation*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular a duty to JACKSON, to design, install and/or approve of the conditions discussed in paragraph 16(a-d) without the deficiencies discussed in paragraph 16(a-d).

91. At all times material hereto, CARNIVAL through its agents and/or employees who were acting in the course and scope of their employment and/or agency with CARNIVAL, designed, installed, and/or approved of the subject surfaces and the vicinity involved in JACKSON'S incident, which was also in violation of the applicable industry standards/recommendations and/or other guidelines.

92. CARNIVAL provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject surfaces and the vicinity.

93. CARNIVAL maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including *the Elation*, during the new build process.

94. CARNIVAL has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

95. CARNIVAL has the right to inspect and reject design elements before taking

possession of the ship.

96.   However, CARNIVAL permitted the dangerous conditions discussed in paragraph 16(a-d) to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

97.   Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 18.

98.   The design flaws that made the subject surfaces and the vicinity involved in JACKSON'S incident unreasonably dangerous were the direct and proximate cause of JACKSON'S injuries.

99.   CARNIVAL is liable for the design flaws of the vessel, including of the subject surfaces and the vicinity involved in JACKSON'S incident, which it knew or should have known of.

100.  CARNIVAL failed to correct and/or remedy the defective conditions, despite the fact that CARNIVAL knew or should have known of the danger(s).

101.  CARNIVAL'S breach was the cause in-fact of JACKSON'S great bodily harm in that, but for CARNIVAL'S breach JACKSON's injuries would not have occurred.

102.  Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

103.  CARNIVAL'S breach proximately caused JACKSON great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

104.  As a result of CARNIVAL'S negligence, JACKSON has suffered severe bodily

injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of JACKSON'S vacation, cruise, and transportation costs.

105.  The losses are permanent and/or continuing in nature.

106.  JACKSON has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CALVIN JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that JACKSON will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT VI
## NEGLIGENCE FOR THE ACTS OF CARNIVAL'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY

17.  JACKSON hereby adopts and re-alleges each and every allegation in paragraphs 1-22, 25, and 29-33, as if set forth herein.

18.  CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

19.  The crewmembers who were in the immediate vicinity of the incident and should have warned and/or assisted JACKSON in exiting the slide safely were agents of CARNIVAL for

the following reasons:

a. They were the staff and/or employees of CARNIVAL, or were CARNIVAL'S agents, apparent agents, and/or servants; and/or

b. These staff, employees, and/or agents were subject to the right of control by CARNIVAL; and/or

c. These staff, employees, and/or agents were acting within the scope of their employment or agency; and/or

d. CARNIVAL acknowledged that this staff, employees, and/or agents would act on CARNIVAL'S behalf, and they accepted the undertaking.

20. CARNIVAL is vicariously liable for the negligent acts of these staff, employees, and/or agents in failing to warn him of the dangerous conditions discussed in paragraph 16 and/or failing to adequately assist him in exiting the slide safely.

21. CARNIVAL'S breach was the cause in-fact of JACKSON'S great bodily harm in that, but for CARNIVAL'S breach JACKSON'S injuries would not have occurred.

22. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

23. CARNIVAL'S breach proximately caused JACKSON great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

24. As a result of CARNIVAL'S negligence, JACKSON has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense

of hospitalization, medical and nursing care and treatment, and loss of the value of JACKSON'S vacation, cruise, and transportation costs.

25.   The losses are permanent and/or continuing in nature.

26.   JACKSON has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CALVIN JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that JACKSON will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, CALVIN JACKSON, demands trial by jury on all issues so triable.

**Dated:** December 8, 2022.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse

Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for JACKSON***