UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 22-cv-23992-CIV-SCOLA/GOODMAN**

CALVIN JACKSON,

    Plaintiff,

v.

CARNIVAL CORPORATION.,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
AFFIRMATIVE DEFENSES**

In this maritime personal injury case, Calvin Jackson ("Plaintiff" or "Jackson") filed a Motion to Strike Defendant's Affirmative Defenses. [ECF No. 18]. Carnival Corporation ("Carnival" or "Defendant") filed an opposition response [ECF No. 20] and Plaintiff filed an optional reply [ECF No. 21]. United States District Judge Robert N. Scola, Jr. referred[1] to the Undersigned Plaintiff's motion. [ECF No. 19]. For the reasons explained below, the Undersigned **denies** Plaintiff's motion.

---

[1]    The referral was expressly made "consistent with" Local Magistrate Judge Rule 1(c) (which is for "determination of Non-dispositive Pretrial Matters") and 28 U.S.C. § 636(b)(1)(A), which calls for an Order on non-dispositive matters. [ECF No. 19].

I. **Background**

Plaintiff seeks compensation for injuries he allegedly suffered as a passenger aboard *the Elation*, a vessel operated by Carnival. [ECF No. 14]. Plaintiff asserts in his Second Amended Complaint that he slipped and fell after stepping off a waterslide onto an "unreasonably slippery" platform and that Defendant's negligence caused his injuries. *Id.*

Carnival filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. [ECF No. 15]. In this pleading, Carnival raised ten affirmative defenses. *Id*.

Plaintiff now seeks to strike Defendant's Third, Sixth, Eighth, and Tenth Affirmative Defenses. [ECF No. 18]. He argues that these affirmative defenses are improper for several reasons, including that: (1) Defendant's affirmative defenses are "bare-bones conclusory allegations"; (2) they violate controlling caselaw; and/or (3) they are "shotgun affirmative defenses." *Id.*

Carnival opposes the motion. [ECF No. 20]. It argues that affirmative defenses do not have to meet the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and that the challenged affirmative defenses are adequate because they put Plaintiff on notice of the intent to assert these defenses. *Id.* Moreover, because discovery is still in its early stages, Carnival asserts that the facts supporting the affirmative defenses are currently unavailable. *Id.* Finally, Carnival notes that Judge Scola -- who is

the District Judge presiding over this case -- recently denied a near-identical motion filed by the same Plaintiff's counsel. *Id.*

## II. Legal Standard

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). "Courts 'have broad discretion when considering a motion to strike,' however, 'striking defenses from a pleading' remains a 'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (quoting *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013)).

There is a split among the district courts in this Circuit regarding the proper pleading standard for an affirmative defense. *See Jennings v. Carnival Corp.*, No. 22-CV-20205, 2022 WL 1913249, at *2 n.2 (S.D. Fla. May 17, 2022), report and recommendation adopted, No. 1:22-CV-20205, 2022 WL 1908949 (S.D. Fla. June 3, 2022) (recognizing split in authority "regarding the pleading standard required for affirmative defenses"); *Thompson v. Carnival Corp.*, No. 20-22217-CIV, 2021 WL 7542956, at *2 (S.D. Fla. May 24, 2021) ("Before we consider the merits of the motion to strike, Plaintiff argues that *Twombly* applies to affirmative defenses. We acknowledge that there is a split of authority in the

Eleventh Circuit on the question presented."); *Andean Life, LLC v. Barry Callebaut U.S.A. LLC*, No. 20-20765-CIV, 2020 WL 1703552, at *2 (S.D. Fla. Apr. 8, 2020) ("[N]o United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses[.]"); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013) ("Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion.").

Judge Scola has determined that *Twombly* does **not** apply to the pleading of affirmative defenses. *See Brito v. Palm Springs Mile Assocs., Ltd.*, Case No. 20-24701-CIV, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.) ("An affirmative defense is sufficient as long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue."); *Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (Scola, J.) ("The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses."); *Doral Boulevard Hotel, LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 16-20697-CIV, 2016 WL 8793344, at *1 (S.D. Fla. May 23, 2016) (Scola, J.) (same).

Instead, a defendant need only "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). It is sufficient that "the opposing

4

party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). Therefore, a defendant is not obligated to "set forth detailed factual allegations" so long as the defendant "give[s] the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)).

## III. Analysis

As noted above, Plaintiff seeks to strike Defendant's Third, Sixth, Eighth, and Tenth Affirmative Defenses. [ECF No. 20]. Before turning to the merits-based analysis of Plaintiff's motion, the Undersigned writes to address Plaintiff's counsel's failure to inform the Court that it has filed near-identical motions in *multiple* other cases and these arguments have been near-uniformly **rejected**.[2] In this case and the other cases, Plaintiff's counsel has challenged affirmative defenses because they say the defendant did not admit the essential facts of the Complaint. Indeed, the instant motion is hardly tailored to the specifics of this case; instead, as detailed below, many of the arguments appear to be lifted (or copied-and-pasted) from other prior motions:

---

[2] In his reply, Plaintiff relies exclusively on a decision from Chief United States Magistrate Judge Edwin G. Torres, in which Judge Torres opined that the affirmative defenses are subject to the heightened pleading standard required by *Twombly*. *Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2021 WL 8775733, at *1 (S.D. Fla. Apr. 20, 2021). However, other than providing a block quote from *Donaldson*, Plaintiff makes no effort to persuade the Undersigned to reconsider my prior rulings on this issue or to persuade the Undersigned that Judge Scola should reconsider his prior rulings on this issue.

5

*Compare* [ECF No. 18]

> However, because this affirmative defense squarely violates controlling authority, it should be stricken. As an initial matter, a "'defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense.'" *Andean Life*, 2020 WL 1703552, at *1 (quoting *Royal Palm Sav. Ass'n*, 716 F. Supp. 1416, 1420). Here, CARNIVAL fails to admit the essential facts of the complaint, and as such, these affirmative defenses should be stricken for this reason alone.

*with* [Case No. 22-cv-21638-RNS, ECF No. 30]

> However, because this affirmative defense squarely violates controlling authority, it should be stricken. As an initial matter, a "'defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense.'" *Andean Life*, 2020 WL 1703552, at *1 (quoting *Royal Palm Sav. Ass'n*, 716 F. Supp. 1416, 1420). Here, CARNIVAL fails to admit the essential facts of the complaint, and as such, these affirmative defenses should be stricken for this reason alone.

*and* [Case No. 22-cv-20945-RNS, ECF No. 20]

> However, because this affirmative defense squarely violates controlling authority, it should be stricken.
>
> As an initial matter, a "'defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense.'" *Andean Life*, 2020 WL 1703552, at *1 (quoting *Royal Palm Sav. Ass'n*, 716 F. Supp. 1416, 1420). Here, CCL fails to admit the essential facts of the complaint, and as such, this affirmative defense should be stricken for this reason alone.

*and* [Case No. 20-cv-61341-RS, ECF No. 29]

> However, because this affirmative defense squarely violates controlling authority, it should be stricken . . . .

> As an initial matter, a "'defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense.'" *Andean Life*, 2020 WL 1703552, at *1 (quoting *Royal Palm Sav. Ass'n*, 716 F. Supp. 1416, 1420). Here, Defendant fails to admit the essential facts of the complaint, and as such, this affirmative defense should be stricken for this reason alone.

Essentially, Plaintiff offers no argument which is unique to his case -- instead, taking the position that Carnival's affirmative defenses are *per se* impermissible. However, in each of those other cases, the Court -- including Judge Scola and the Undersigned -- has *rejected* this identical argument. *See* [Case No. 22-cv-21638-RNS, ECF No. 33; Case No. 22-cv-20945-RNS, ECF No. 24; Case No. 20-cv-61341-RNS, ECF Nos. 87; 111].

With this background in mind, the Undersigned will turn to the merits of Plaintiff's argument. Rather than adopt the parties' non-numerical ordering of the challenged affirmative defenses, the Undersigned will address them in numerical order.

a) <u>Third Affirmative Defense</u>

In its Third Affirmative Defense, Carnival avers that "[t]his action is governed by and subject to the terms, limitations, and conditions contained in the ticket contract. Carnival adopts and incorporates by reference same herein in their entirety." [ECF No. 15]. Plaintiff says that to allow this affirmative defense to stand will result in "trial by ambush" and Carnival should be required to identify its terms and conditions. Defendant responds by saying that it cannot, at this time, provide additional facts as to which of the ticket contract provisions Plaintiff failed to comply with because discovery is still at an

7

early stage. Plaintiff's reply says that this response makes no sense and that Plaintiff "suspects that . . . this is simply a boiler plate affirmative defense that CARNIVAL cut and pastes into every answer it files." [ECF No. 21].

Addressing the same boiler plate argument Plaintiff's counsel raised in a motion filed in another case against Carnival, Judge Scola stated the following concerning this affirmative defense:

> The Court finds that the third affirmative defense functions, at worst, as a denial of the Plaintiff's claims through its reference to the ticket contract's terms. Therefore, the appropriate remedy is not to strike the third affirmative defense, but to treat it as a specific denial. *Isola Condo. Assoc., Inc. v. Rockhill Ins. Co.*, No. 21-23114-CIV, 2021 WL 6066126, at *2 (S.D. Fla. Nov. 15, 2021) (Goodman, Mag. J.) ("When this occurs, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial.") (brackets in original). The Court therefore declines to strike this defense.

[Case No. 22-cv-21638, ECF No. 33].

The Undersigned agrees with Judge Scola's reasoning. This affirmative defense, although lacking factual detail, suffices to put Plaintiff on notice that Carnival intends to argue that Plaintiff did not abide by the terms of the ticket contract. If Carnival is unable to present any evidence to support this affirmative defense, then Plaintiff can move for summary judgment on the issue. The Undersigned **declines** to strike this affirmative defense.

   b) <u>Sixth Affirmative Defense</u>

In its Sixth Affirmative Defense, Defendant states that

> Plaintiff's injuries, if any, are the result of a pre-existing injury or condition that was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any actions alleged in the Compliant [sic], then Plaintiff is only entitled to recovery for the damages resulting from the aggravation.

[ECF No. 15].

Plaintiff challenges this defense by stating that Carnival does not allege sufficient supporting facts. [ECF No. 18]. Plaintiff also argues that although "[t]here does not appear to be controlling authority in maritime law on the subject," Defendant "misstates the law as it related to pre-existing conditions," arguing that the Court should look to Florida Jury Instruction 501.5(a). *Id.* Carnival argues that the Eleventh Circuit has issued numerous opinions addressing pre-existing conditions and that, although a defendant must take a plaintiff as is, there are certain reductions which are permitted based on pre-existing conditions.

The arguments presented by the parties concerning Carnival's Sixth Affirmative Defense are the same as the arguments proffered by Plaintiff's counsel in *Birren v. Royal Caribbean Cruises, Ltd.*:

> [The] [p]laintiffs, in challenging this defense, assert both that it fails to allege sufficient facts and that, as a matter of law, this defense misstates the law regarding pre-existing conditions, citing to the language of Florida Jury Instruction 501.5(a) as the authority on pre-existing conditions. [The] [d]efendant responds that the Florida Jury Instruction provision is inapplicable here and that, in order to plead more facts in support of this defense, it must be allowed to conduct discovery to obtain [the] [p]laintiffs' medical records. Thus, [the] [d]efendant argues that the Fifth Affirmative Defense should not be stricken.

9

336 F.R.D. 688, 694 (S.D. Fla. 2020).

In *Birren*, United States District Judge Beth Bloom noted that a similar affirmative defense raised a "question of causation—i.e., whether [the] [p]laintiffs' injuries were caused by pre-existing conditions or by [the] [d]efendant." *Id.* Judge Bloom determined that the affirmative defense provided the plaintiff with fair notice of the defense the defendant intended to raise -- the presence of a pre-existing injury. *Id.*

Judge Bloom also noted that any evidence supporting this affirmative defense would be "largely, if not exclusively" within the plaintiffs' medical records. *Id.* (quoting *Incardone v. Royal Carribean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 2709810, at *11 (S.D. Fla. June 28, 2019), report and recommendation adopted, No. 16-20924-CIV, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019)). Finally, she did not strike this affirmative defense, notwithstanding the plaintiffs' argument concerning Florida Jury Instruction 501.5(a). *Id.*; *see also Melaih v. MSC Cruises, S.A.*, No. 20-CV-61341, 2021 WL 3727837, at *6 (S.D. Fla. July 27, 2021), report and recommendation adopted, No. 20-61341-CIV, 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021) (finding that an affirmative defense asserting that "[the] [p]laintiff's damages were caused by [the] [p]laintiff's pre-existing injuries and not by any act or omission of "[the] [d]efendant" was "not inconsistent with governing law or [Florida Jury Instruction 501.5(a)]").

Similarly, here, the Undersigned concludes that this affirmative defense is proper because it puts Plaintiff on notice regarding the issue of causation and any evidence

supporting this affirmative defense would be within Plaintiff's own medical records. Additionally, Plaintiff has not shown that this affirmative defense is contrary to law or, if applicable, Florida Jury Instruction 501.5(a). Therefore, the Undersigned will **not strike** the Sixth Affirmative Defense.

c) Eighth Affirmative Defense

In this affirmative defense, Carnival states that "[t]he incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Carnival had no duty to protect Plaintiff from [sic]." [ECF No. 15]. Plaintiff's arguments in support of striking this affirmative defense are identical to those he raised as grounds to strike Defendant's Third Affirmative Defense. Plaintiff says that this is a shotgun affirmative defense and complains that Defendant has not included which specific "intervening and unforeseeable causes" Defendant believes occurred. Plaintiff claims that, on this issue, Defendant has "equal, if not better knowledge of than [sic] [Plaintiff]."

Defendant says that this affirmative defense meets the necessary requirement to put Plaintiff on notice. It is possible, Defendant argues, that because Plaintiff's incident occurred in a crowded pool area, some other individual might be liable, or Plaintiff's own actions might have contributed to the incident. According to Defendant, this is information which will be further developed in discovery.

Defendant is not required to plead specific facts nor to admit liability in order to raise this defense. At worst, the affirmative defense functions as a denial. Therefore, the Undersigned **denies** Plaintiff's request to strike this affirmative defense.

d) <u>Tenth Affirmative Defense</u>

Carnival's Tenth Affirmative Defense reads as follows: "Third parties over whom Carnival, at the time of their actions, had no control and their intentional acts are the proximate cause of any loss, injury or damage to Plaintiffs [sic]. The actions of the third party was [sic] an intervening and superseding event." [ECF No. 15]. Plaintiff says that this affirmative defense is an attempt to apply "Florida's *Fabre* doctrine,"[3] which Plaintiff argues is impermissible in a maritime case. As with the other defenses, Plaintiff also claims that the affirmative defense should be stricken due to a lack of factual detail. In Plaintiff's view, this "cannot be asserting an intervening cause [because] CARNIVAL's eighth affirmative defense is clearly CARNIVAL's intervening cause defense, and

---

[3] The *Fabre* doctrine comes from the Florida Supreme Court case *Fabre v. Martin*, 623 So. 2d 1182, 1185 (Fla. 1993), receded from on other grounds, *Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.*, 659 So. 2d 249 (Fla. 1995). For background, Florida's comparative fault statute provides "[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Fla. Stat. § 768.81(3). The *Fabre* Court explained that damages must be "apportioned among all participants to the accident," regardless if said participant was joined as a defendant. 623 So. 2d at 1185. As such, "[d]amages from negligent acts may be apportioned among parties and nonparties to a case, provided that the defendant pleads the negligence of the nonparty as a defense and specifically identifies the nonparty." *Btesh v. City of Maitland, Fla.*, No. 6:10-cv-71-Orl-19DAB, 2011 WL 13298505, at *1 (M.D. Fla. Apr. 19, 2011) (citing *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262, 1264 (Fla. 1996)).

therefore, if this affirmative defense is asserting any affirmative defense at all, it must be asserting it based on the non-applicable *Fabre* doctrine." [ECF No. 18 (emphasis removed)].

Defendant responds that the affirmative defense is an "intervening/superseding cause" defense, which "is a legally valid defense." [ECF No. 20]. The Undersigned agrees. In an Order rejecting an identical argument raised by Plaintiff's counsel in another case, Judge Scola stated:

> [T]he intervening and superseding cause defense is applicable in maritime actions and functions as a complete bar to recovery, rather than apportioning recovery. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1351 (S.D. Fla. 2020) (Graham, J.) ("The Supreme Court has held, the superseding cause doctrine, which serves to exculpate the defendant from liability entirely, is applicable in admiralty cases.") (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 836-837 (1996)). The tenth affirmative defense explicitly asserts the intervening and superseding cause doctrine and is worded as to seek a complete bar to recovery. Therefore, it comports with the requirements of maritime law. *Id.*

[Case No. 22-cv-21638, ECF No. 33].

Judge Scola further noted that the eighth affirmative defense and tenth affirmative defense (which are identical to corresponding affirmative defenses in this case) differed because "the eighth affirmative defense asserts that Carnival did not owe the Plaintiff a duty of care[] and the tenth affirmative defense asserts a lack of proximate cause[.]" *Id.* Because the affirmative defenses differ in this key respect, they are not redundant of each other.

Based on the above reasoning, the Undersigned **denies** Plaintiff's motion to strike Defendant's Tenth Affirmative Defense.

IV. **Conclusion**

For the reasons stated herein, the Undersigned **denies** Plaintiff's motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 24, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record